Dear Mr. Manning:
You have requested an opinion of the Attorney General regarding the effect of recent legislative changes to the Enterprise Zone Program (Program), and the laws comprising same located at R.S.51:1781 et seq. As you note in your request, the Program provides certain tax benefits to businesses that locate or expand within an Enterprise Zone. The tax benefits are in the form of rebates of sales taxes on the purchase of equipment and credits against income and franchise taxes for creating new jobs. A business is entitled to these benefits only after approval by both the Board of Commerce and Industry (Board) and the Governor, and a resulting contract is executed with the business. See R.S.51:1787.
The Enterprise Zones are designated as the thirty-five percent most economically distressed U.S. Census Bureau block groups as determined by criteria set forth in R.S. 51:1784. Prior to amendment by Act No. 1024 of the 1992 Regular Session of the Louisiana Legislature the Enterprise Zones were based upon 1980 Census divisions. However, Act 1024 required the Department of Economic Development (DED) to redesignate the Enterprise Zones based upon the 1990 Census block groups beginning July 1, 1993. Section 3 of Act 1024 provides that the old Enterprise Zones would be abolished as of July 1, 1993, but that any contracts entered into by the Board prior to that date would not be affected. Further, Act 5 of the 1994 Regular Session of the Louisiana Legislature amended Section 3 of Act 1024 to provide that any Advanced Notification filed prior to the abolishment of the old Enterprise Zones would not be affected. HCR 71 of the 1993 Regular Session suspended the effective date of Act 1024 until May 19, 1994.
On July 22, 1994, DED received an Advance Notification from a company for a project that was to begin on July 28, 1994. The Notification issued from a new company with no previous business operations. The company's new office was to be located in Ouachita Parish (Monroe) and the cite selected by the business fell within the Enterprise Zone prior to the effective date of Act 1024. However, once Act 1024 became effective on May 19, 1994, the site was no longer located within a validity designated Enterprise Zone.
Based on testimony and evidence presented to the Board's Screening Committee at its meeting on November 30, 1994, the Screening Committee found that, as late as June, 1994, Ouachita Parish officials made representations to the company that the proposed site was located in an Enterprise Zone. The Screening Committee determined that the company relied upon the representations of these officials in going forward with its business plans, opening operations in October of 1994.
You request our opinion as to whether, under the above factual situation, the Board may enter a contract with the company to grant Enterprise Zone benefits.
As noted in your factual scenario, the old Enterprise Zones, including the one in which the project at issue is located, was abolished, effective May 19, 1994. While legislation provided that any contracts and/or Advance Notification filed prior to the abolishment of the old Enterprise Zones would not be adversely affected, the business in question did not file its Advanced Notification until July 22, 1994, or over two months after the abolishment of the old Enterprise Zone.
R.S. 51:1787(B)(3) and (D)(3) both require, as a condition for the granting of a contract, that the business is or shall be located within a validity designated Enterprise Zone. A review of the remaining statutory provisions contained within the Enterprise Zone Law reveal no exceptions to this criterion.
It is the opinion of this office that the Board is prohibited from entering into a contract with the company in question to grant enterprise zone benefits.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
Mr. Daryl K. Manning General Counsel Department of Economic Development P.O. Box 94185 Baton Rouge, La 70804-9185
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General